**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-CR-00262-GKF |
| LANCE DOUGLAS ROARK, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On January 2, 2024, a grand jury returned a Superseding Indictment charging defendant Lance Douglas Roark with the following offenses: (1) Count One – Abusive Sexual Contact with a Minor Under 12 Years of Age in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 2244(a)(5), and (2) Count Two – Assault with Intent to Commit Aggravated Sexual Abuse of a Minor Under 12 Years of Age in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 113(a)(1). [Doc. 55]. Both charges related to victim G.R. The first count had been charged in the original Indictment, dated August 21, 2023. [Doc. 2]. The second count was added for the first time only two weeks prior to the scheduled jury trial.

This matter was tried beginning on January 16, 2024. [Doc. 91]. Prior to the case being submitted to the jury, on January 17, 2024, Mr. Roark timely moved for a judgment of acquittal as to Count Two pursuant to Federal Rule of Criminal Procedure 29. Specifically, Mr. Roark asserted that the government had not satisfied its burden to demonstrate that (1) Mr. Roark assaulted G.R., or (2) that he assaulted G.R. with the specific intent to commit Aggravated Sexual Abuse of a Minor Under 12 Years of Age in Indian Country. The court denied the motion based on the evidence presented and the limited research performed given the time constraints. However, the

court recognized that Mr. Roark's Rule 29 motion raised "a viable issue" which, if Mr. Roark was convicted of Count Two, could be dealt with "after a verdict."

On January 18, 2024, a jury convicted Mr. Roark of Count One and Count Two. [Doc. 94].

Since then, Mr. Roark has filed four documents with this court—three of which relate to his convictions. *See* [Doc. 90; Doc. 99; Doc. 100; Doc. 102]. As a result, and in furtherance of the court's prior recognition that Mr. Roark's Rule 29 motion raised a "viable issue" to be revisited after the jury's verdict, the court has reviewed this matter and concludes that reconsideration of Mr. Roark's Rule 29 motion as to Count Two is warranted. *See Arizona v. Manypenny*, 672 F.2d 761, 765-66 (9th Cir. 1982) ("[A] court has power to reconsider a timely motion for judgment of acquittal premised on insufficiency of the evidence when the court, which still retains jurisdiction of the case, decides . . . that its earlier denial of the Rule 29 motion was erroneous."); *see also United States v. Sims,* 220 F. Supp. 2d 1222, 1225 (D.N.M. 2002), *reversed on other grounds*, 428 F.3d 945 (10th Cir. 2005); *United States v. Henson*, No. 17-0016-JGB, 2018 WL 8809240, at *2 (C.D. Cal. June 7, 2018). To determine the Rule 29 motion, the court considers whether the evidence, when viewed in the light most favorable to the government, is sufficient to sustain a conviction. *United States v. Acree,* 466 F.2d 1114, 1117 (10th Cir. 1972).

"Section 113(a)(1) prohibits assault 'with intent to commit . . . a violation of section 2241'" and requires the government to prove: (1) that Mr. Roark assaulted G.R.; and (2) that Mr. Roark did so with the specific intent to commit aggravated sexual abuse. *United States v. Wells*, 38 F.4th 1246, 1255 (10th Cir. 2022); *see also* 18 U.S.C. § 113(a)(1). The U.S. Court of Appeals for the Tenth Circuit has defined "assault" as used in § 113(a) "as either an attempted battery or as placing another in reasonable apprehension of immediate bodily harm." *United States v. Muskett,* 970 F.3d 1233, 1241 (10th Cir. 2020) (quoting *United States v. Hathaway*, 318 F.3d 1001, 1008 (10th

Cir. 2003)).  That is, "assault under § 113(a) is committed by 'either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" *Muskett,* 970 F.3d at 1241 (quoting *Hathaway*, 318 F.3d at 1008).  Significantly, an assault under § 113(a) cannot be committed by a "mere 'offensive touching'" and, instead, "requires an attempt or threat to 'inflict injury.'"  *Muskett,* 970 F.3d at 1241 n.9 (citing *United States v. Joe*, 831 F.2d 218, 220 (10th Cir. 1987)).

The government presented no evidence of an attempted battery—that is, that Mr. Roark willfully attempted to inflict injury upon G.R.[1]  Nor is there sufficient evidence that Mr. Roark placed G.R. in reasonable apprehension of *immediate* bodily harm.

To warrant a conviction under § 113(a), the defendant's conduct must give the victim "reason to fear or expect *immediate* bodily harm."  *United States v. McKinney*, 17 F. App'x 808, 811 (10th Cir. 2001) (emphasis added) (unpublished).[2]  Immediacy connotes "ready to take place" or "near at hand."  *United States v. Acosta-Sierra*, 690 F.3d 1111, 1122 (9th Cir. 2012); *see also McKinney*, 17 F. App'x at 812-13 (Jones, J., dissenting).  A fear of a future battery is insufficient.  *Acosta-Sierra*, 690 F.3d at 1122; *Sheehan v. United States,* 896 F.2d 1168, 1171 n.4 (9th Cir. 1990).

G.R. testified that Mr. Roark told her that he could put his penis in either her mouth or vagina, and she initially said he could put his penis in her vagina.  Mr. Roark then told G.R. that he was going to "do it" that night, and that "it would hurt" and she might start screaming.

---

[1] Although the government presented evidence that Mr. Roark engaged in offensive touching, that evidence is insufficient.  *See Muskett,* 970 F.3d at 1241 n.9.

[2] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

The court does not doubt that the incident deeply affected G.R. However, Mr. Roark's threat to put his penis in G.R.'s vagina—and thereby inflict injury—hours in the future is insufficient for a conviction under § 113(a). *See Acosta-Sierra*, 690 F.3d at 1122; *Sheehan*, 896 F.2d at 1171 n.4. Based on G.R.'s testimony, the threat of vaginal penetration was neither "near at hand" nor "ready to take place" at the time of Mr. Roark's statements and related conduct. *Cf. McKinney,* 17 F. App'x at 811-12 (Jones, dissenting) (concluding that evidence that defendant uttered a threat while walking toward her car and when she was approximately fifty feet from the victim was insufficient to support a § 113(a) conviction).

The government offered no other evidence that G.R. had reason to fear or expect *immediate* bodily harm or injury.[3] Thus, the government failed to satisfy its burden to demonstrate that Mr. Roark assaulted G.R. *See Wells*, 38 F.4th at 1255; 18 U.S.C. § 113(a)(1). Because the evidence submitted was insufficient to sustain Mr. Roark's conviction as to Count Two, Mr. Roark is entitled to a judgment of acquittal as to that count.

WHEREFORE, defendant Lance Douglas Roark is granted a judgment of acquittal as to Count Two of the Superseding Indictment, Assault with Intent to Commit Aggravated Sexual Abuse of a Minor Under 12 Years of Age in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, and 113(a)(1).

IT IS SO ORDERED this 31st day of January, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[3] Again, a fear or expectation of immediate offensive touching is insufficient. *See Muskett,* 970 F.3d at 1241 n.9.